**In re Jackson B. HESTER, Appellant.**

**No. 87–1648.**

United States Court of Appeals, Federal Circuit.

Feb. 5, 1988.

Robert A. Armitage, The Upjohn Co., Kalamazoo, Mich., represented appellant. With him on the brief were Sidney B. Williams and John T. Reynolds, of counsel.

Richard E. Schafer, Office of the Solicitor, Arlington, Va., represented appellee.

Before NIES, BISSELL and ARCHER, Circuit Judges.

ORDER

NIES, Circuit Judge.

The Commissioner of Patents and Trademarks moves for a remand to the Patent and Trademark Office. Jackson B. Hester opposes the motion.

On September 30, 1987, Hester appealed from a decision of the Board of Patent Appeals and Interferences. On November 6, 1987, Hester timely filed his brief. Shortly before the Commissioner's brief was due, the instant motion to remand was filed. The Commissioner seeks remand "so the board can reevaluate the bases of its decision." Commissioner's motion at 1.

The timing of this motion, filed a few days before the Commissioner's brief was due, is disturbing in two respects. First, if the briefing schedule had not been suspended by virtue of the Commissioner's last-minute motion to remand, Fed.Cir.R. 13(k), both the response brief and Hester's reply brief would have been filed by now and the case would be proceeding towards oral argument or submission on the briefs. Second, appellant has already expended the

time, money, and effort to file his brief. It clearly would be preferable for the Commissioner to file a motion for remand well before an appellant has filed his or her brief.

It is not the intent of the court to discourage the filing of any and all motions to remand. Parties may agree that remand is desirable, intervening law may warrant a remand, the Board may wish to concede to some or all of appellant's demands, or other circumstances may be present that would indicate that remand is appropriate. However, none of those circumstances is present here.

Accordingly,

IT IS ORDERED THAT:

The motion to remand is denied.