NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  XENCOR, INC.,**
*Appellant*

---

2023-2048

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/803,690.

---

**ON MOTION**

---

Before LOURIE, PROST, and STOLL, *Circuit Judges.*

PROST, *Circuit Judge.*

## O R D E R

Xencor, Inc. has filed its opening brief challenging the final written decision of the Patent Trial and Appeal Board rejecting its patent claims.  The Director of the United States Patent and Trademark Office ("USPTO") now moves to waive Federal Circuit Rule 27(f) and remand so that the USPTO's Appeals Review Panel can be convened to "clarify the USPTO's position on the proper analysis of Jepson-format and means-plus function claims in the field of biotechnology, and particularly in the antibody art," and issue "a revised decision."  Xencor opposes the motion.

An agency may properly request a remand to reconsider its previous position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In such cases, remand is usually appropriate if the agency expresses a "substantial and legitimate" concern about its earlier decision. *Id.* Here, the Director has raised such concerns, arguing that the novelty and complexity of the issues presented in this case favor a more thorough evaluation and explanation than provided in the Board's final written decision, and that remanding could preserve resources.

To be sure, it would have been preferable for the Director to have filed this motion before Xencor "expended the time, money, and effort to file [its] brief," *In re Hester*, 838 F.2d 1193, 1193–94 (Fed. Cir. 1988). But an "agency may request a remand (without confessing error) in order to reconsider its previous position" even after the opening brief is filed, *SKF*, 254 F.3d at 1029, and we do not view the circumstances of this remand request as suggesting improper motive. We further agree with the Director that Xencor's concern that remand might impact patent term adjustment is conjecture at this time and insufficient to override the benefits of remand here, particularly given we are confident that proceedings will be conducted expeditiously.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to remand for further proceedings consistent with this order and the motion is granted.

IN RE: XENCOR, INC.                                                  3

    (2)  Costs to Xencor.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

January 23, 2024
Date